## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **STENIO DESOUZA, and** | : | |
| **RAQUEL DESOUZA** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 05-787** |
| | : | |
| **v.** | : | |
| | : | |
| **PETTINARO CONSTRUCTION CO., INC.** | : | |
| **AND** | : | **JURY TRIAL DEMANDED** |
| **PETTINARO & ASSOCIATES, INC.** | : | |
| **AND** | : | |
| **PETTINARO ENTERPRISES** | : | |
| **AND** | : | |
| **PETTINARO ENTERPRISES, LLC** | : | |
| **AND** | : | |
| **PETTINARO RELOCATION, LLC** | : | |
| **AND** | : | |
| **QUEENSBURY VILLAGE, INC.** | : | |
| **AND** | : | |
| **ARCHITECTURE PLUS, P.A.** | : | |
| **AND** | : | |
| **LANDMARK ENGINEERING, INC.** | : | |
| **AND** | : | |
| **MID-ATLANTIC REALTY** | : | |
| **AND** | : | |
| **·J.N. CARPENTRY, INC. a/k/a/p/f/d/b/a** | : | |
| **JN CARPENTRY, INC., JN CARPENTRTY,** | : | |
| **and/or JN CARPENTER,INC.** | : | |
| **AND** | : | |
| **E.F. CARPENTER, INC.** | : | |
| **AND** | : | |
| **U.S. BUILDERS ASSOC., LLC** | : | |
| **AND** | : | |
| **U.S. CONSTRUCTION INC. a/k/a/p/f/d/b/a** | : | |
| **U.S. CONSTRUCTION, and/or** | : | |
| **U.S. CONSTRUCTION, LLC** | : | |
| **AND** | : | |
| **U.S. CONSTRUCTION** | : | |
| **AND** | : | |
| **U.S. CONSTRUCTION, LLC, and** | : | |
| **JOSE H. RODRIGUES, a/p/f/k/a** | : | |
| **JOSE G. RODRIGUES, and/or** | : | |
| **JOSE RODRIGUEZ, and/or** | : | |
| **JOSE M. RODRIGUEZ, and/or** | : | |
| **GOSE ROGRIGUES, and/or** | : | |

**JOSE HENRIQUE PEREIRA RODRIGUES**     :
     **AND**     :
**JOSE G. RODRIGUES**     :
     **AND**     :
**JOSE HENRIQUE PEREIRA RODRIGUES**     :
     **AND**     :
**JOSE RODRIGUEZ**     :
     **AND**     :
**JOSE M. RODRIGUEZ**     :
     **AND**     :
**GOSE RODRIGUES**     :
     **AND**     :
**NINO RODRIGUES, a/pf/k/a ANTONIO G.**     :
**RODRIGUES, and/or ANTONIO O.**     :
**RODRIGUES, and/or ANTONIO RODRIGUES** :
     **AND**     :
**ANTONIO G. RODRIGUES**     :
     **AND**     :
**ANTONIO O. RODRIGUES**     :
     **AND**     :
**ANTONIO RODRIGUES**     :
_____     :

## AMENDMENT PURSUANT TO RULE 15(a)

The plaintiff, pursuant to the provisions of Rule 15(a), <u>Federal Rules of Civil Procedure,</u>

amends the complaint filed herein in the form attached hereto as Exhibit No. 1.

Respectfully submitted:

BY: _____

Gary Aber, Esquire (DSB#754)
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, Delaware 19801
(302) 472-4900
Attorney for Plaintiffs

*Of Counsel*
Arthur L. Bugay, Esquire
Attorneys for Plaintiffs
PA. ID. No. 62251
1818 Markey Street, Suite 1818
(215) 665-6810
Attorney for Plaintiffs
Dated: November 17, 2005

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STENIO DESOUZA, and                 :
RAQUEL DESOUZA                      :
        Plaintiffs        :         CIVIL ACTION NO. 05-787

                       :

        v.                  :

                       :

PETTINARO CONSTRUCTION CO., INC.     :
        AND                 :         JURY TRIAL DEMANDED
PETTINARO & ASSOCIATES, INC.         :
        AND                 :
PETTINARO ENTERPRISES               :
        AND                 :
PETTINARO ENTERPRISES, LLC          :
        AND                 :
PETTINARO RELOCATION, LLC           :
        AND                 :
QUEENSBURY VILLAGE, INC.            :
        AND                 :
ARCHITECTURE PLUS, P.A.             :
        AND                 :
LANDMARK ENGINEERING, INC.          :
        AND                 :
MID-ATLANTIC REALTY                 :
        AND                 :
J.N. CARPENTRY, INC. a/k/a/p/f/d/b/a :
JN CARPENTRY, INC., JN CARPENTRTY,   :
and/or JN CARPENTER,INC.             :
        AND                 :
E.F. CARPENTER, INC.                :
        AND                 :
U.S. BUILDERS ASSOC., LLC           :
        AND                 :
U.S. CONSTRUCTION INC. a/k/a/p/f/d/b/a :
U.S. CONSTRUCTION, and/or           :
U.S. CONSTRUCTION, LLC              :
        AND                 :
U.S. CONSTRUCTION                   :
        AND                 :
U.S. CONSTRUCTION, LLC, and         :
JOSE H. RODRIGUES, a/p/f/k/a        :
JOSE G. RODRIGUES, and/or           :
JOSE RODRIGUEZ, and/or              :

| | |
|---|---|
| JOSE M. RODRIGUEZ, and/or | : |
| GOSE ROGRIGUES, and/or | : |
| JOSE HENRIQUE PEREIRA RODRIGUES | : |
|     AND | : |
| JOSE G. RODRIGUES | : |
|     AND | : |
| JOSE HENRIQUE PEREIRA RODRIGUES | : |
|     AND | : |
| JOSE RODRIGUEZ | : |
|     AND | : |
| JOSE M. RODRIGUEZ | : |
|     AND | : |
| GOSE RODRIGUES | : |
|     AND | : |
| NINO RODRIGUES, a/pf/k/a ANTONIO G. | : |
| RODRIGUES, and/or ANTONIO O. | : |
| RODRIGUES, and/or ANTONIO RODRIGUES | : |
|     AND | : |
| ANTONIO G. RODRIGUES | : |
|     AND | : |
| ANTONIO O. RODRIGUES | : |
|     AND | : |
| ANTONIO RODRIGUES | : |
| _____ | : |

## *AMENDED* COMPLAINT

Plaintiffs, by and through their counsel, hereby aver as follows:

## I.     JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction over this action and Defendants pursuant to

28 U.S.C. §§1332, et seq. and the Delaware Long Arm Statute, 10 Del. C. §3104, et seq.

2.     Venue is proper because the events giving rise to the claims alleged in this action

arose in the District of Delaware and most Defendants are domiciled therein.

## II.     THE ACCIDENT SITE/PROPERTY LOCATION

3.      The Rockwood Apartments ("Rockford Apartments") is a residential and/or commercial apartment complex, located at or near 100 Cindy Drive, Newark, Delaware 19702. This property is the construction site where Plaintiff-Husband was injured on November 17, 2003.

## III.   PARTIES

4.      Plaintiff, Stenio DeSouza ("Plainitff-Husband"), is an adult individual, and resident of the Commonwealth of Pennsylvania, domiciled and residing therein at 5418 Walker Street, Philadelphia, Pennsylvania 19124.  Plaintiff DeSouza is a citizen of the Federative Republic of Brazil ("Brazil"). His wife, Plaintiff Raquel DeSouza ("Plaintiff-Wife"), maintains claims for lost consortium.  Plaintiff Raquel DeSouza resides at the same address location.

5.      Defendant Jose H. Rodrigues ("Jose H. Rodrigues"), is, upon information and belief, a citizen and resident of the State of New Jersey, residing therein at 108 Grant Street, Riverside, New Jersey 08075-3724.  Based on information and belief, Defendant Jose Rodrigues may also be known as Jose G. Rodrigues, Jose Henrique Pereira Rodrigues, Jose Rodriguez, Jose M. Rodriguez, and/or Gose Rodrigues. All are listed as residing at the 108 Grant Street, Riverside, New Jersey address.

6.      Alternatively, Defendant Jose G. Rodrigues ("Jose G. Rodrigues") is identified as a separate individual Defendant, residing at the same 108 Grant Street, Riverside, New Jersey address.  Said Defendant has the same employment, agency and/or other relationship with Defendants JN Carpentry, Inc, EF Carpenter, Inc., Defendants U.S. Construction, and/or U.S. Builders Assoc., LLC, all identified below, as does Defendant Jose H. Rodrigues.

3

7.      Alternatively Defendant Jose Henrique Pereira Rodrigues ("Jose Henrique Pereira Rodrigues") is identified as a separate individual Defendant, residing at the same 108 Grant Street, Riverside, New Jersey address. Said Defendant has the same employment, agency and/or other relationship with the corporate of business entity Defendants, JN Carpentry, Inc., EF Carpenter, Inc., <u>Defendants</u> U.S. Construction, and/or U.S. Builders Assoc., LLC, all identified below, as does Defendant Jose H. Rodrigues.

8.      Alternatively Defendant Jose M. Rodriguez ("Jose M. Rodriguez") is identified as a separate individual Defendant, residing at the same 108 Grant Street, Riverside, New Jersey address. Said Defendant has the same employment, agency and/or other relationship with the corporate of business entity Defendants, JN Carpentry, Inc., EF Carpenter, Inc., <u>Defendants</u> U.S. Construction, and/or U.S. Builders Assoc., LLC, all identified below, as does Defendant Jose H. Rodrigues.

9.      Alternatively Defendant Jose Rodriguez ("Jose Rodriguez") is identified as a separate individual Defendant, residing at the same 108 Grant Street, Riverside, New Jersey address. Said Defendant has the same employment, agency and/or other relationship with the corporate of business entity Defendants, JN Carpentry, Inc., EF Carpenter, Inc., Defendants U.S. Construction, and/or U.S. Builders Assoc., LLC, all identified below, as does Defendant Jose H. Rodrigues.

10.     Alternatively Defendant Gose Rodrigues ("Gose Rodrigues") is identified as a separate individual Defendant, residing at the same 108 Grant Street, Riverside, New Jersey address. Said Defendant has the same employment, agency and/or other relationship with the corporate of business entity Defendants, JN Carpentry, Inc., EF Carpenter, Inc., <u>Defendants</u> U.S.

4

Construction, and/or U.S. Builders Assoc., LLC, all identified below, as does Defendant Jose H. Rodrigues.

11.    All averments against Defendant Jose H. Rodrigues apply with equal force and effect against Defendants Jose G. Rodrigues, Jose Henrique Pereira Rodrigues, Jose Rodriguez, Gose Rodrigues, and/or Jose M. Rodriguez, and visa versa. All said Defendants are referred to as Defendants Jose Rodrigues ("Defendants Jose Rodgrigues").

12.    Based on information and belief, Defendants Jose Rodrigues is the registered agent for Defendant J.N. Carpentry, Inc., identified herein.

13.    Based upon information and belief, Defendant Nino Rodrigues, is a citizen and resident of the State of New Jersey, residing therein at 108 Grant Street, Riverside, New Jersey 08075-3724. Based on information and belief, Defendant Nino Rodrigues may also be known as Antonio G. Rodrigues and/or Antonio O. Rodrigues and/or Antonio Rodrigues. All are listed as residing at the 108 Grant Street, Riverside, New Jersey address. Other addresses for these individuals are 516 S. Fairview Street, Riverside New Jersey, 08075, 237 Kossuth Street, Riverside, New Jersey, 08075-3229 and 22 Rome Street, Newark, New Jersey 07105. Based on information and belief, these are all prior and/or current addresses for Defendants Nino/Joses Rodrigues. In the event that these alias are separate individuals, these Defendants are named individually and all averments against Defendant Nino Rodrigues apply with equal force and effect against Defendants Antonio G. Rodrigues, Antonio O. Rodrigues and/or Antonio Rodrigues as if individually set forth at length herein. Said Defendants are collectively and individually referred to as Defendants Nino Rodrigues ("Nino Rodrigues").

14.     Based on information and belief, Defendants Jose Rodrigues and/or Defendants Nino Rodrigues, formed a New Jersey corporation, partnership and/or association known as J.N. Carpentry, Inc. ("J.N. Carpentry"), which may also be known as JN Carpentrty, JN Carpentry, Inc., and/or JN Carpenter, Inc. (hereinafter "J.N. Carpentry"). Defendants Jose Rodrigues and Defendants Nino Rodrigues may hereinafter be referred to as Defendants Rodrigues ("Defendants Rodrigues").

15.     Based on information and belief, Defendant J.N. Carpentry identifies Jose Henrique Pereira Rodrigues as its registered agent. Its registered address and principal place of business is 108 Grant Street, Riverside, New Jersey 08075-3724.

16.     Based on information and belief, Defendant J.N. Carpentry is a New Jersey corporation with Charter No. 400031841.

17.     Based on information and belief, at all relevant times, Defendants Rodrigues, their agents, employees or servants, acted in concert, partnership, association, agency, joint venture and/or enterprise with regard to all Defendants herein and with regard to all relevant aspects of the supply and/or use of the aforementioned chattel, identified below, causing Plaintiff's injury.

18.     Based on information and belief, Defendant E.F. Carpenter, Inc. a/k/a EF Carpenter, Inc. and/or EF Carpentry, Inc. ("E.F. Carpenter") is a New Jersey corporation with principal place of business located at 237 Kossuth Street, Riverside, New Jersey 08075-3229. Defendant E.F. Carpenter may also have an address at 505 S. Lenola Road, Moorestown, New Jersey 08057.

19.     Based on information and belief, at all relevant times, <u>Defendants E.F. Carpenter,</u>

<u>J.N. Carpentry, Defendants U.S. Construction, and/or U.S. Builders (referred to herein), their</u>

<u>agents, employees or servants</u> acted in concert, agency, partnership, association or otherwise

with all Defendants herein, including, but not limited to, Defendants Rodrigues.

20.     Based on information and belief, Defendant U.S. Construction, Inc. ("U.S.

Construction") is a New Jersey corporation, business association or partnership, with principal

place of business located at 516 S. Fairview Street, Riverside, New Jersey 08075-3721.

Defendant U.S. Construction, Inc. may also be known as U.S. Construction <u>and/or U.S.</u>

<u>Construction, LLC.  An address for U.S. Construction, LLC is 664 W. Side Avenue, Jersey City,</u>

<u>New Jersey 07304.  Said U.S. Construction, LLC is identified as a separate Defendant herein.</u>

These Defendants, whether the same or different entities, are referred to herein individually and

collectively as Defendants U.S. Construction ("Defendants U.S. Construction").  All averments

apply to each said Defendant with the same force and effect as if fully set forth at length herein.

21.     Based on information and belief, Defendant U.S. Builders Associates, LLC ("U.S.

Builders") is a New Jersey Limited Liability Corporation with principal place of business located

at 501 Rev. S. Howard Woodson, Jr. Way, Trenton, New Jersey 08618-3811.  Based on

information and belief, at all relevant times, with regard to the averments, actions and events

herein, Defendants Rodrigues and/or their businesses, also Defendants herein, were associated,

partnered, or otherwise associated in joint venture with Defendant U.S. Builders.

22.     For all averments herein, Defendants J.N. Carpentry, Defendants U.S.

Construction, Defendant U.S. Builders, E.F. Corporation, and Defendants Rodrigues may be

referred to as the Superior Subcontractor Defendants ("Superior Subcontractor Defendants").

All averments against the Superior Subcontractor Defendants apply with equal force and effect against each, any and all of these said Defendants, Defendants J.N. Carpentry, E.F. Carpenter, Defendants U.S. Construction, Defendant U.S. Builders, and Defendants Rodrigues, as if fully set forth at length against each said Defendant individually.

23.    Based on information and belief, Defendants J.N. Carpentry, Defendants U.S. Construction, Defendant E.F. Carpenter, and/or Defendant U.S. Builders are now one and the same corporation <u>and/or business association or enterprise</u>, as a matter of law or fact, as successors in interest or otherwise, for one or more of the following reasons:

      a.     Merger;

      b.     de facto merger;

      c.     successorship;

      d.     continuation of enterprise doctrine;

      e.     assumption of liabilities, express or implied;

      f.     otherwise.

24.    Based on information and belief, at all relevant times, Defendants J.N. Carpentry, Defendants U.S. Construction, Defendant E.F. Carpentry, and/or Defendant U.S. Builders were agents, mere instrumentalities and/or alter egos of Defendants Rodrigues. Plaintiffs seek to pierce the corporate veils of these entities under applicable law as they are believed and averred to be mere shell organizations created to further the personal interests of Defendants Rodrigues. All averments against the Superior Subcontractors apply with equal force and effect against the individual company Defendants and Defendants Rodrigues, individually and collectively. <u>All averments against the Developer and Owner Defendants, set forth below, apply with equal force and effect against the Superior Subcontractor Defendants as if fully set forth at length herein.</u>

25.    Based on information and belief, Defendant Pettinaro Construction Company, Inc. ("Pettinaro Construction") is a Delaware corporation with its principal place of business located at 234 N. James Street, Newport, Delaware 19804.  Based on information and belief, at all relevant times, Defendant Pettinaro Construction was the general contractor for the design, construction and repairs for the Rockwood Apartments.  In that capacity, Defendant Pettinaro Construction was responsible for the design, and/or construction of this property and with regard to all oversight, including all safety aspects of the site, industry, governmental and/or plan compliance with regard to its construction and/or repair.  Based on information and belief, at all relevant times, Defendant Pettinaro Construction, its servants, employees and/or agents was the "competent person" for the Rockford Apartment Construction site and project.

26.    Based on information and belief, Defendant Pettinaro & Associates, Inc. is a Delaware Corporation with registered offices located at 234 N. James Street, Newport, Delaware 19804.

27.    Based on information and belief, Defendant Pettinaro Relocation, LLC is a Delaware limited liability corporation with registered offices at 234 N. James Street, Newport, Delaware 19804.

28.    Based on information and belief, Defendant Pettinaro Enterprises, LLC is a Delaware limited liability corporation with registered offices located at 234 N. James Street, Newport, Delaware 19804.

29.    Based on information and belief, Defendant Pettinaro Enterprises is a Delaware corporation, partnership or association, in partnership, venture or otherwise associated with the other identified Defendant Pettinaro entities.  Based on information and belief, at all relevant

times, Defendant Pettinaro Enterprises has registered offices located at 234 N. James Street, Newport, Delaware 19804.

30.     Based on information and belief, Defendant Pettinaro Enterprises and Pettinaro Enterprises, LLC are now one and the same corporation as a matter of law or fact, as successors in interest or otherwise, for one or more of the following reasons:

      a.    Merger;

      b.    de facto merger;

      c.    successorship;

      d.    continuation of enterprise doctrine;

      e.    assumption of liabilities, express or implied;

      f.    otherwise.

31.     Defendants Pettinaro Enterprises and Pettinaro Enterprises, LLC may hereinafter be referred to collectively and individually as Defendants Pettinaro Enterprises ("Pettinaro Enterprises"). All averments to one refer to the other and visa versa.

32.     Based on information and belief, at all relevant times, Defendant Pettinaro Relocation is a corporate or personnel relocation firm that is a rental agent for the Rockwood Apartments, including Defendants Pettinaro and/or Defendant Owners identified herein.

33.     Based on information and belief, at all relevant times, Defendant Pettinaro & Associates, Inc., Defendants Pettinaro Enterprises, Defendant Pettinaro Construction and/or Pettinaro Relocation acted as agents and/or principals with one another, with regard to the construction and/or operation of Rockwood Apartments, including, but not limited to, any and/or all acts and/or omissions and/or the supply of dangerous chattel alleged herein. All averments as

to any Pettinaro Defendant applies to all said Defendants, individually and collectively, or in part, as if fully set forth at length herein. These Defendants may hereinafter be referred to as the "Pettinaro Defendants" ("Pettinaro Defendants"). Any averment alleged with regard to the Pettinaro Defendants applies to each said Pettinaro Defendant as if fully set forth at length against each said Defendant individually. <u>Further, pursuant to contract, law, agency doctrines and/or otherwise, all averments against the Superior Subcontractor Defendants apply with equal force and effect against the Pettinaro Defendants.</u>

34. One or more of the Pettinaro Defendants may be successors in interest to any or all liabilities of other Pettinaro Defendant entities responsible for Plaintiffs' injuries and damages, for one or more of the following reasons:

    a.     Merger;

    b.     de facto merger;

    c.     successorship;

    d.     continuity of enterprise doctrine;

    e.     assumption of liabilities, express or implied; or

    f.     otherwise.

35. Based on information and belief, Defendant Pettinaro Construction and/or the Pettinaro Defendants, individually or collectively, was at all relevant times, the general contractor and/or developer for the Rockwood Apartment property.

36. Based on information and belief, at all relevant times, said Pettinaro Defendants acted as the Rockford Apartment property manager, agent, developer, construction manager, supervisor and/or "competent person" in charge of the construction and/or renovation of the Rockwood Apartments.

37.     Based on information and belief, at all relevant times, the Superior Subcontractor Defendants were agents to the Pettinaro Defendants with regard to the subject Rockford Apartment construction site, and/or visa versa.  All averments herein against the Pettinaro Defendants apply with equal force and effect against the Superior Subcontractor Defendants and visa versa.

38.     Based on information and belief, Defendant Architecture Plus, P.A. ("Architecture Plus") is a Delaware professional business association with principal place of business located at 234 N. James Street, Newport, Delaware 19804.  Based on information and belief, Defendant Architecture Plus is the architectural firm for the Rockwood Apartments.

39.     Based on information and belief, Defendant Landmark Engineering, Inc. ("Landmark Engineering") is a Delaware Corporation with its principal place of business located at 100 West Commons Boulevard, Suite 301, New Castle, Delaware 19720.  Based on information and belief, at all relevant times, Defendant Landmark Engineering was the civil engineering firm for the design and construction of the Rockwood Apartments.

40.     Based on information and belief, at all relevant times, the Pettinaro Defendants, Defendant Architecture Plus and/or Defendant Landmark Engineering acted in agency with any and/or all Defendants named herein with regard to the subject Rockford Apartment design and/or construction, its development and/or site management.  All averments herein against the Pettinaro Defendants apply with equal force and effect against Defendant Architecture Plus and/or Defendant Landmark Engineering, and visa versa as if fully set forth against each respective Defendant at length herein.  These Defendants, the Pettinaro Defendants, Defendant Architecture Plus and/or Defendant Landmark Engineering, may be referred to as the "Developer

12

Defendants" ("Developer Defendants"). All averments apply to each said Defendant with equal force and effect as if fully set forth at length against each said Defendant individually herein.

41. Based on information and belief, at all relevant times, the Developer Defendants, individually, collectively or otherwise, pursuant to contract, agency, venture, association or otherwise, express or implied, by conduct or agreement, together or individually with the Superior Subcontractor Defendants, was to provide observation and/or oversight with regard to all phases of construction of the Rockwood Apartments, any repairs or work performed at said site. At all relevant times, said Defendants were to be the "competent person" for the site with regard to management and job safety. Pursuant to these activities, said Defendants expressly or impliedly agreed, assumed or conducted site safety with regard to the following activities – TO

a. Prepare proper and/or adequate drawings, plans, including any and/or all submitted or approved architectural and/or record plans, for the Rockwood Apartments;

b. Fully and completely comply with any and all applicable recorded deed restrictions;

c. Fully and completely comply with all county, state, industry, and/or federal laws, codes, regulations and standards;

d. Fully, properly and/or adequately, inspect and/or survey the construction site for any dangerous or hazardous conditions that could result in injury to workers or other invitees, and correct same;

e. Design and/or install any and all fall protection systems;

f. Fully, properly and/or adequately inspect and/or survey the site with regard to supply and/or use of fall safety equipment for all workers on site to oversee full and complete compliance with fall protection systems, all federal, industry, state and/or county codes, laws, regulations and/or standards;

g. Fully and completely and/or properly comply with and enforce all federal, state, local, industry and engineering safety standards applicable to the work site;

h. Certify as safe any and/or all protective systems, equipment or apparatus, including fall safety and/or work platforms at the construction site;

      i.     Apply for, obtain, and comply with all requirements, affirmations and/or representations set forth in any building permit for the construction site;

      j.     Be the "competent person" for the construction site, capable of identifying existing or predictable hazards at the site, through inspection or otherwise, dangerous to workers at the site, with the ability to take prompt corrective measures to eliminate and/or minimize such hazards, including corrective and/or enforcement measures against any subcontractors, agents, employees or otherwise on the site;

      k.     Supervise, inspect and approve all work, equipment and materials used;

      l.     Supervise and/or inspect the site to enforce all construction contracts and take immediate corrective action plans thereto;

      m.     Properly warn against dangerous conditions at the property with regard to the dangers associated with the work, enforcement of all safety, codes, standards, regulations and law, including, but not limited to local, state, industry or Federal OSHA and ANSI standards;

      n.     Properly resolve and correct dangerous conditions at the property;

      o.     Fully, completely, properly and/or adequately perform all contractual duties.

42.     Based on information and belief, at all relevant times, said property was possessed, occupied and/or otherwise controlled by the Developer and/or other named Defendants in this civil action.

43.     Based on information and belief, Defendant Queensberry Village, Inc. ("Queensberry Village"), is a Delaware corporation or business association with its principal place of business located at 234 N. James Street, Newport, Delaware 19804. Based on information and belief, at all relevant times, Defendant Queensberry Village was the real estate development company that owns the Rockwood Apartments property, which owned it during the time of its design and/or construction, including at the time of Plaintiff-Husband's accident and injury. Based on information and belief, at all relevant times, Defendant Queensbury Village was responsible for the design and/or construction of the Rockwood Apartments. Alternatively,

14

said property was owned by one or more of the Pettinaro Defendants and/or their principals. Said property was controlled and possessed at all relevant times by the Defendants named herein.

44.    Based on information and belief, Defendant Mid-Atlantic Realty ("Mid-Atlantic Realty") is a Delaware corporation located at 248 Presidential Drive, Greenville, DE 19807. Based on information and belief, and at all relevant times, Defendant Mid-Atlantic Realty was the manager for the Rockford Apartments property.

45.    These Defendants, Defendant Queensberry Village, Pettinaro Relocation (indeed any and all of the Pettinaro Defendants), and Defendant Mid-Atlantic Realty may also be referred to as the "Owner Defendants" ("Owner Defendants"). All averments against the "Owner Defendants" apply to each said Defendant with equal force and effect as if fully set forth at length herein.

46.    Based on information and belief, at all relevant times, the Developer Defendants performed all actions and/or omissions alleged herein pursuant to contract, agency, partnership, association or otherwise acted in these capacities pursuant to contract, partnership, association, agency or on behalf of, or in concert with the Owner Defendants.

47.    At all times mentioned herein, all Defendants acted through their agents, servants and/or employees, who were acting within the scope and course of their employment, agency or service.

48.    Based on information and belief, at all relevant times, as set forth herein, Defendants violated their duties of care to Plaintiff-Husband, causing Plaintiffs' injuries and damages herein through their negligent supply of chattel and/or failure to properly, adequately or

reasonably inspect, supervise, manage, or control the worksite to prevent the use of unsafe equipment and/or materials and/or enforce <u>and/or maintain</u> the use and/or supply of proper and adequate fall protection procedures and equipment.  <u>Defendants also and/or alternatively caused</u> <u>Plaintiffs' injuries and damages through negligence pertaining to the dangerous condition of</u> <u>Defendants' property as set forth herein.</u>

49.    Based on information and belief, at all relevant times, Defendants hired workers at discount wages, without proper inspection, supervision or oversight in order to minimize the cost of production.

50.    Based on information and belief, Defendants knowingly employed subcontractors whose employee workers were undocumented in order to minimize costs of production or other related reasons.  Based on information and belief, Defendants violated federal, state and/or local law through these and other actions.

51.    Based on information and belief, all or some of the Defendants named herein were previously sued by the United States of America for design violations associated with the Rockwood property which failed to conform to certain ANSI standards and federal laws, including the Fair Housing Act.  Said action is docketed as C.A. No. 04-1455 in the United District Court for the District of Delaware.

52.    Based on information and belief, said Defendants entered into a consent decree to correct said violations.

53.    Based on information and belief, Defendant Pettinaro <u>and/or the Developer</u> <u>Defendants</u> was issued several building permits for the development of the said site and

<u>Defendants Pettinaro is principal,</u> officer and/or agent, Verino Pettinaro, certified, on

Defendants' behalf, in the property owner building permit certification, that the property would

be developed in full compliance with all applicable county, state and federal laws and

regulations.

54.    Based on information and belief, Defendant Pettinaro Construction is listed with

the local government building authority as the general or prime contractor for the project in

question, and was the applicant for the building permits, which were applied for and/or issued on

or about April 2001 through September 2003.

55.    Based on information and belief, as discussed below, the chattel <u>on said property</u>

involved in Plaintiff's accident, constituted dangerous conditions which caused Plaintiff injury.

<u>Based on information and belief, as discussed below, said chattel was owned, controlled,</u>

<u>possessed and/or otherwise supplied by Defendants, individually, collectively and/or pursuant to</u>

<u>their common enterprise, by agency, concert or other action, in law and/or fact, by Defendants</u>

<u>named herein.</u>

<u>56.</u>    Based on information and belief, at all relevant times, the Owner Defendants

acted in concert, partnership, agency, joint venture or otherwise with regard to all aspects of the

underlying acts and/or omissions <u>of Defendants</u> causing Plaintiffs' injuries and damages,

<u>constituting Plaintiffs' causes of action,</u> set forth below, with the Developer <u>and/or other</u>

Defendants.

<u>57.</u>    Based on information and belief, the Rockwood Apartments is a residential and/or

commercial development of Defendant Pettinaro Construction, Inc.  Said development was, upon

information and belief, created as part of a joint enterprise, partnership, venture with Defendant Pettinaro Relocation and/or the Owner Defendants.

## IV.    FACTS

58.    Based on information and belief, on November 17, 2003, Plaintiff Stenio DeSouza was a laborer carpenter employee of Faiao Construction Company, Inc. ("Faiao"), a New Jersey corporation with principal place of business located at 3001 Route S. 130, Apartment 55K, Delran, New Jersey 08075.

59.    Based on information and belief, at the aforesaid time and place, Plaintiff-Husband was being paid by his employer, Faiao, approximately $17.00 per hour and working full time.

60.    Based on information and belief, Mr. Luis Faiao is the owner, principal shareholder, officer and/or founder of Faiao Construction Company, Inc. ("Faiao").

61.    Based on information and belief, at all relevant times, Faiao hired employee, Jose F. DeSilva, by direct hire, by Faiao's owner, Luis Faiao, as a superintendent/foreman of the Faiao carpentry laborers, which included Plaintiff-Husband.  Based on information and belief, Mr. DeSilva, hired employee Sergio Silva, who was Plaintiff's co-employee and co-worker at the time of the incident.  All said individuals were employees of Faiao.

62.    Based on information and belief, Defendants Rodrigues and/or the Superior Subcontractor Defendants, individually, by association, collectively, or otherwise, through their corporations, business associations, servants, employees, agents, or otherwise, hired Faiao Construction to perform carpentry work at Rockwood Apartments.  At all relevant times,

Plaintiff-Husband was an employee of Faiao Construction and was injured while working in the course and scope of that employment at the Rockwood Apartments.

<u>63</u>.    Defendants Rodrigues are also identified by association with the fact that they both drive "Hummers."

<u>64.</u>    Based on information and belief, Defendant Jose H. Rodrigues is a registered owner in the State of New Jersey of at least two Hummers, one yellow and one black.  It is believed that Defendants, Jose Rodrigues and/or his partners and/or companies may have also owned a gray Hummer.

<u>65</u>.    Based on information and belief, the Owner, Developer and/or Superior Subcontractor Defendants (each and every Defendant identified by this complaint), <u>in concert, agency or otherwise</u>, supplied Plaintiff-Husband and his co-workers with a forklift <u>and "box"</u> for the purpose of <u>their</u> being used as a man lift and/or elevated work platform, to work at heights to install, among other things, fascia board along the edge of the roof for the Rockwood Apartment structures.

<u>66.</u>    Based on information and belief, at the time the subject forklift and/or fork truck (hereinafter used interchangeably) was supplied or otherwise provided by Defendants, their agents, employees or servants, <u>with</u> a "box" attached to it consisting of three sides.

<u>67.</u>    Based on information and belief, where a work platform is affixed to a fork truck or forklift, such platforms are commonly known as "safety platforms", "cages" or other similar names.  Based on information and belief, at all relevant times, such devices and/or equipment are

commercially available wherein they are certified or otherwise designed to comply with local, state, federal and industry standards, codes and/or regulations.

68.    Based on information and belief, at the time said forklift and/or box was supplied by Defendants, said chattel was owned, controlled and/or otherwise possessed by Defendants herein.

69.    Based on information and belief, the subject box was constructed by one or more of the Defendants, their employees, servants or agents.

70.    Based on information and belief, the subject box was affixed to the subject forklift by one or more of the Defendants, in an effort to provide a rudimentary work platform for the Faiao carpenters, including Plaintiff DeSouza. Alternatively, said Defendants, their employees, servants and/or agents, directed this installation, knew about same and negligently, recklessly or otherwise did not at any point direct that this equipment or chattel not be used for this or other purposes in violation and/or breach of duty causing Plaintiffs' injuries and damages.

71.    Based on information and belief, Defendants Rodrigues and/or their Defendant companies, the Superior Subcontractor Defendants, the Developer Defendants, and/or the Owner Defendants are also carpenters.

72.    Based on information and belief, Defendants' supply of said equipment and chattel constituted the negligent supply of dangerous equipment which did not conform to proper industry practice, standards, local, state or federal safety regulations, including, but not limited to, those promulgated and enforced by the Occupational Safety Health Administration (OSHA) and ANSI, and other customs and/or practices in the material handling or construction industries.

20

73.    By way of example only, the subject cage or platform and/or securement did not comply, upon information and belief, with OSHA 1910.178 or ANSI B56.1, et seq.

74.    Based on information and belief, Defendants' method of securement and/or use of said box and/or cage with the subject forklift or truck violated the forklift or truck's manufacturer or seller safety waranings, guidelines and/or instructions.

75.    Based on information and belief, at all relevant times, there are several industry approved designated work platform attachments, commercially available, for forklifts, fork trucks that convert them from a fork truck to a personnel lifting/carry device.

76.    Based on information and belief, at all relevant times, said Defendants did not supply the aforementioned work platform and forktruck/forklift with everything necessary to make this chattel safe for their users and otherwise supplied them in a condition that made them unsafe to use.

77.    In addition to the identified hazards set forth above, the subject work platform was deficient for the following reasons and those set forth below.

     a.    It lacked proper or adequate toe boards;

     b.    It lacked proper or adequate emergency stop features;

     c.    It lacked proper or adequate safety chains;

     d.    It lacked proper or adequate warnings and/or instructions for safe use;

     e.    It was not made of proper or adequate material;

     f.    It lacked a proper or adequate web lanyard with safety harness;

     g.    It lacked a proper or adqueate tine lock;

        h.     It lacked proper or adequate methods of securement and/or devices to affix the platform to its associated equipment;

        i.     It did not have proper or adequate dimension;

        j.     It lacked a proper or adequate safety gate and/or latch thereto;

        k.     It lacked a proper or adequate guard to prevent worker injury against the fork truck;

        l.     It violated OSHA Regulations, including, but not limited to, 1910.178 (k) (12), et. seq.;

        m.     It violated industry standands, including, but not limited to ANSI B.56.1, et. seq.

        n.     It only had three sides;

        o.     It lacked proper or adequate guarding;

        p.     It did not have proper or adequate fall protection, including, but not limited to lanyards, harnesses or other safety equipment;

        q.     Other dangerous features, which rendered it unfit for use and caused Plaintiff's injuries.

78.     At the time of his accident on November 17, 2003, Plaintiff was being assisted by his co-worker, Sergio Silva. Mr. Silva was using a nail gun to attach fascia board to the structure while the other end of the board was being held by Plaintiff DeSouza. In the process, Plaintiff fell approximately 20-25 feet, landing hands and head first onto the ground, suffering severe injuries discussed below. Plaintiff was taken to Christiana Care Health System, Christiana Hospital, where he was found to have suffered comminuted fractures to both arms, wrists and/or hands, including, but not limited to bilateral fractures to his distal radii with angluation and injuries and/or fractures to the ulnar styloid of his wrists and forearms.

79.     Plaintiff's diagnosis included bilateral distal radial fractures and, on November 17, 2003, he underwent an emergency open reduction internal fixation (ORIF) of the bilateral distal radii with casting.

80.    Plaintiff also suffered fractures and/or dislocation to his second through fourth right fingers which were also treated in this emergency medical procedure.

81.    Plaintiff also suffered other bodily injuries, some or all of which may be permanent, including, but not limited to, neck, back and head injuries, in this accident and fall.

82.    All of Plaintiff's injuries, and/or some or all of them, are permanent in nature.

83.    Plaintiff-husband was kept as an inpatient at Christiana Hospital from November 17, 2003 through November 19, 2003. On January 5, 2004 Plaintiff underwent a second operation for the removal of his cast and pins that were inserted as part of the ORIF emergency operation he underwent on November 17, 2003.

84.    On May 10, 2004, Plaintiff underwent a left total wrist fusion with grafting from his iliac crest bone and a fusion plate. Plaintiff has suffered permanent scarring and lost mobility as well as constant pain from this injury and subsequent medical treatment necessitated by the injury itself.

85.    As a result of the injuries sustained in this accident, Plaintiff suffered post-traumatic arthritis.

86.    As a result of the injuries suffered in this accident, Plaintiff suffered permanent losses in his activities of daily living and vocational capabilities. Plaintiff's injuries are progressive and his condition will worsen over time.

87.    Plaintiff is 28 years old (DOB: 2-16-77), 26 at the time of accident. Plaintiff is right hand dominant. He has a son, Felipe, who at the time of the injury in question was

approximately 1 year 8 months old. Plaintiff is permanently restricted in his life activities as well as in his activities in caring for his family and son.

88.    As set forth below, Plaintiff-Wife maintains claims for lost consortium.  As a result of said accident and injury to Plaintiff-Husband, Plaintiff-Wife sustained the losses of her husband's society, companionship, assistance, financial support and conjugal association.

89.    At all relevant times, Plaintiff-Husband was a business invitee at the Rockford Apartments property.

90.    At all relevant times, Plaintiff-Husband exercised ordinary and reasonable care.

91.    As a direct and proximate result of Defendants' negligence, set forth herein

Plaintiff-Husband suffered the following injuries and damages:

     (a)    Severe personal injuries including injury to his arms, wrists, hands and fingers, including permanent injuries thereto;

     (b)    Injuries to his hips;
     (c )    Injuries to his head, face, neck and back;
     (d)    Other injuries, some or all of which may be permanent;
     (e)    Other injuries and damages which may be revealed through discovery or at trial;
     (f)    Pain, suffering and loss of enjoyment of life's pleasures, past and future;
     (g)    Loss of income, past and future;
     (h)    Cost of medical care and treatment, past and future.

V.    **CIVIL CLAIMS**

*COUNT I-NEGLIGENCE*

**PLAINTIFFS v. DEFENDANTS**

For their first count, Plaintiffs aver as follows:

92.    Plaintiffs repeat and reallege each of the foregoing averments as if fully and completely set forth at length herein.

93.    Based on information and belief, Defendants knew, or should have known, through reasonable inspection of otherwise, that the chattel supplied to Plaintiff was dangerous for use.

94.    Plaintiffs' injuries and damages were caused, directly and proximately, by Defendants' negligence, recklessness, and/or unreasonable and/or reckless disregard for the safety of others, consisting, among other things, of the following acts and/or omissions:

       a      Failure to follow the reasonable practices, workmanlike quality, standard of care and skill of a qualified member of the profession practicing the construction specialties practiced by Defendants, their agents, servants, and/or employees, including or not taking into account advances in the profession;

       b.     Failure to adhere to manufacture or industry standards;

       c.     Undertaking construction management, but failing to follow the requisite standard of care in undertaking that construction specialty;

       d.     Failure to properly or adequately adhere to contract, building permit, plan, chattel instruction, design, industry standards, codes, statutes and/or regulations;

       e.     Failing to properly follow and adhere to plan(s), regulations and standards for the aforementioned construction site;

       f.     Negligently planning, organizing and supervising construction at the Rockford Apartments site;

       g.     Negligently monitoring construction at the Rockford Apartments site;

       h.     Failure to conform to construction safety standards applicable to the Rockford Apartments site;

       i.     Failure to adhere to construction safety standards that should have been applied to the Rockford Apartments site;

j.    Creating dangerous condition(s) at the Rockford Apartments site and/or allowing it to continue;

k.    Failure to exercise reasonable care by maintaining a safe worksite free of dangerous conditions, such as unsafe chattel and/or workplatforms, present at the Rockford Apartments site;

l.    Failure to properly or adequately warn and/or instruct of the hazards and/or dangers and unsafe conditions present at the Rockford Apartments site;

m.    Failure to use reasonable care under the circumstances with respect to Plaintiff and other persons working at the Rockford Apartments site;

n.    Failure to exercise such reasonable care as to ascertain whether the Rockford Apartments site was in a reasonably safe condition before permitting construction work at said site;

o.    Negligently creating and permitting unsafe conditions on the premises of the Rockford Apartments site;

p.    Failure to stop work and/or otherwise control the work at the Rockford Apartments site until construction operations were proceeding in a safe manner;

q.    Violating OSHA regulations and/or other federal, state, and/or local law and/or statutes;

r.    Negligently planning, managing and/or exercising control of construction operations at the Rockford Apartments site;

s.    Failure to develop, implement and comply with an adequate safety program for the detection of unsafe and/or dangerous conditions and/or unsafe work practices;

t.    Failure to use due care under the circumstances;

u.    Failure to perform its duties and responsibilities with respect to the Rockford Apartments site with due care in a reasonably safe manner;

v.    Such other acts and/or omissions constituting carelessness, and/or negligence, as shall become evident during the course of discovery;

w.    Failure to take reasonable safety precautions to see that safe work conditions existed, thereby causing dangers and hazards to business visitors at the Rockford Apartments site when Defendant knew or in

exercise of reasonable care should have known, that such dangers and hazards were being created and/or being allowed to exist;

x.    Failing to train, educate, advise, or supervise its agents, servants, employees or representatives in reasonable and proper methods in providing services as a qualified member of the profession practicing the specialties practiced by Defendant;

y.    Creating a hazardous situation and/or unsafe and dangerous condition that created a risk of injury to Plaintiff and to other workers and invitees at the Rockford Apartments site;

z.    Permitting an unsafe hazardous or dangerous condition(s) to exist;

aa.    Failure to properly instruct their respective employees, servants and/or agents with regard to proper safe construction management practices, fall protection and/or safety and/or inspection, use, control or supply of proper or adequate work platforms;

ab.    Permitting unsafe conditions or practices to continue;

ac.    Such other negligence as discovery may reveal;

ad.    Carelessly controlling safety and/or operations at the Rockford Apartments site;

ae.    Failure to specify or require that the construction work be performed in a safe manner and in compliance with industry standards and local, state and federal regulations;

af.    Failure to exercise reasonable care in the lay-out, design and specifications for construction at Rockford Apartments site;

ag.    Performing inadequate and unreasonable investigation into the quality and safety practices of contractors or companies which the Defendants retained to perform work at Rockford Apartments site;

ah.    Ignoring and/or unreasonably failing to act upon deficiencies in the work performed by contractors of which the Defendants were aware and/or which Defendants knew or reasonably should have known, created a significant risk of injury or death;

ai.    Failure to develop, implement and comply with an adequate construction safety program as required by federal regulations and/or industry standards;

aj.   Reviewing the safety policy, training and practices of contractors in an inadequate, incomplete and unreasonable manner;

ak.   Failure to properly or adequately perform safety inspections and audits of the work being performed at Rockford Apartments site;

al.   Failure to properly or adequately perform their respective contractual duties;

am.   Supplying dangerous chattel;

an.   Negligent retention of workers and/or employees at said site;

ao.   Negligent inspection and/or supervision with regard to unsafe hazards at the site;

ap.   Violating duties to Plaintiff as set forth herein;

aq.   Violating federal, state and/or local applicable law;

ar.   Violation of ANSI and/or OSHA standards and/or regulations;

as.   Violating and/or negligence performance of contract;

at.   Violating building permit requirements;

au.   Negligent selections and/or retention of agents, employees and/or servants.

WHEREFORE, for all of which damages, Plaintiffs demand judgment against Defendants, jointly and severally, for an amount exceeding $75,000.00, exclusive of interest and costs. Plaintiffs further seek interest and costs from said Defendants, jointly and severally, and such other relief as this Court and/or finder of fact may deem proper.

## COUNT II-NEGLIGENCE

## PLAINTIFFS v. DEFENDANTS

For their second count, Plaintiffs aver as follows:

95.   Plaintiffs repeat and reallege each of the foregoing averments as if fully and completely set forth at length herein.

96.    Defendants' negligence <u>and/or recklessness</u> consists, <u>inter alia</u>, of the following

acts and omissions:

a.    The failure to construct, maintain and/or repair the aforementioned forklift and/or workplatform ("box" or "safety cage") supplied for use to Plaintiff-Husband so it could be used in a fashion to minimize injury and was in a safe condition;

b.    The failure to equip, repair and/or maintain the aforementioned work platform provided to and/or used by Plaintiff, so that its component parts were safe and could be used to minimize injury to its users;

c.    The failure to <u>properly or adequately</u> maintain the subject chattel provided to and/or used by Plaintiff, through proper repair and inspections;

d.    The failure to <u>properly or adequately</u> warn Plaintiff of the hazardous conditions existing and associated with the aforementioned chattel;

e.    The failure to exercise reasonable care under the circumstances for the health and safety of Plaintiff;

f.    Violating OSHA, and/or other federal, state or local law;

g.    Violating ANSI and/or other industry standards;

h.    Supplying dangerous equipment which said Defendants knew or should have known to be dangerous to others;

i.    Failure to exercise reasonable care to inform Plaintiff of the dangerous conditions or facts which made the subject chattel likely to be dangerous;

j.    Supplying Plaintiff with chattel which was unlikely to be safe for its uses;

k.    Supplying the subject chattel to Plaintiff for use in Defendants' business while knowing or having reason to know, through reasonable inspection, conformance with industry standards, applicable law or otherwise, that the chattel was likely to be dangerous or could cause injury;

l.    Supplying the subject chattel in a dangerous condition to Plaintiff;

m.    Supplying the subject chattel to Plaintiff for use for Defendants' business purposes;

n.    Failure  to exercise reasonable care to make the subject chattel safe for the use for which it was supplied;

o.    Failure to <u>properly or adequately</u> test and/or inspect the subject chattel or otherwise exercise reasonable care to discover and correct the subject chattel's dangerous conditions or character and/or to inform Plaintiff of these dangerous conditions and/or characteristics;

p.    Failure to use due care under the circumstances;

q.    Such other acts or omissions constituting negligence or wrong doing which may be established through discovery;

r.    Failure to repair or maintain the subject chattel so it could be supplied in a safe condition;

s.    Failure to supply Plaintiff with a proper or adequate fall safety equipment for use with the subject chattel;

t.    Failure to properly secure the subject chattel and keep it otherwise inaccessible to others, including Plaintiff;

u.    Failing to properly or adequately secure the subject platform to the associated fork truck and/or forklift;

v.    Permitting, directing or failing to prevent others on the site from using or operating the subject chattel.

<u>97.</u>    In addition to the foregoing, Defendants are liable to Plaintiffs pursuant to the Restatement (Second) of Torts Sections 321-324A, 339, 341A-343, 350, 388-392 <u>and/or other applicable Restatement (Second) of Tort provisions and common law.</u>

WHEREFORE, for all of which damages, Plaintiffs demand judgment against Defendants, jointly and severally, for an amount exceeding $75,000.00, exclusive of interest and costs. Plaintiffs further seek interest and costs from said Defendants, jointly and severally, and such other relief as this Court and/or finder of fact may deem proper.

## *COUNT III-NEGLIGENCE*
## **PLAINTIFFS v. *DEFENDANTS***

For their third count, Plaintiffs aver as follows:

30

98.    Plaintiffs repeat and reallege each of the foregoing averments as if fully and completely set forth at length herein.

99.    Plaintiff-Husband's injury and accident was caused by the negligence, carelessness and/or recklessness of the Owner Defendants, and/or other named Defendants herein, the owners, possessors, controllers, managers and/or occupants of the area where Plaintiff was injured, through said Defendants' agents, employees and/or servants, through the following acts or omissions:

(a)    The failure to maintain the property with due care;

(b)    The failure to properly or adequately inspect or test conditions of the accident, to determine whether this area was in a dangerous or unsafe condition;

(c)    The failure to properly or adequately warn persons and/or business invitees, such as Plaintiff, of the dangerous and/or defective conditions, including unsafe chattel, to avert injury and/or accident;

(d)    The failure to properly or adequately remedy or correct the dangerous or defective conditions existing on the property in question as noted above;

(e)    Violation of State, Federal and/or Local ordinance, law, property maintenance codes, statutes and/or ordinances referring to property maintenance, building and/or business code and/or safety ordinance, law or specifications;

(f)    Violations of reasonable property care as established by the local area ordinance and/or by Federal, State and/or industry standards;

(g)    Unreasonably selecting, retaining and/or hiring agents and/or employees or servants who were not qualified or recently qualified to perform the services for property care and/or maintenance for said property as set forth in the lease, contract, or agreement to perform such services;

(h)    Creating an unsafe condition leading to Plaintiff's injury and Plaintiff's damages and/or permitting such a condition to continue to exist;

(i)    Such other negligence as shall be established through discovery or at trial.

31

WHEREFORE, for all of which damages, Plaintiffs demand judgment against Defendants, jointly and severally, for an amount exceeding $75,000.00, exclusive of interest and costs. Plaintiffs further seek interest and costs from said Defendants, jointly and severally, and such other relief as this Court and/or finder of fact may deem proper.

## COUNT IV – LOST CONSORTIUM
## PLAINTIFFS v. DEFENDANTS

For their fourth count, Plaintiffs aver as follows:

100.     Plaintiffs repeat and reallege each of the foregoing averments as if fully and completely set forth at length herein.

101.     As a direct and proximate result of the aforesaid wrongdoing, negligence, carelessness and/or recklessness of Defendants, Plaintiff-Wife sustained the following injuries and damages:

    (a)     The loss of the services, society, financial and other support and conjugal fellowship of her husband; and

    (b)     Injury to her marriage and to the marital covenant.

WHEREFORE, Plaintiffs demand compensatory damages against Defendants, jointly and severally, for an amount exceeding Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. Plaintiffs further demand interest and costs from Defendants, jointly and severally, and such other relief as this Honorable Court and/or the finders of fact may deem just and/or proper.

Respectfully submitted:

BY: _____

Gary Aber, Esquire (DSB#754)
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, Delaware 19801
(302) 472-4900
Attorney for Plaintiffs

*Of Counsel*
Arthur L. Bugay, Esquire
Attorneys for Plaintiffs
PA. ID. No. 62251
1818 Markey Street, Suite 1818
(215) 665-6810
Attorney for Plaintiffs

Dated:  November 16, 2005