**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| STENIO DESOUZA and RAQUEL DESOUZA ) | |
| ) | C.A. 05-787 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PETTINARO CONSTRUCTION CO., INC. et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANT LANDMARK ENGINEERING, INC.**

Defendant, Landmark Engineering, Inc., by and through its attorneys, Davis, Bucco & Ardizzi, hereby answers the Complaint filed in this action as follows:

1. Denied as a conclusion of law to which no response is required.

2. Denied as a conclusion of law to which no response is required.

3. Admitted only that the Rockwood Apartments is an apartment complex located in Newark, Delaware.

4. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

5. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

6. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

7. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

8. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

9. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

10. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

11. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

12. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

13. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

14. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

15. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

16. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

17. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

18. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

19. Denied as to Landmark.

20. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

21. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

22. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

23. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

24. Denied as to Landmark.

25. Admitted only that Pettinaro was a contractor performing work at the Rockwood Apartments Project.

26. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

27. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

28. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

29. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

30. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

31. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

32. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

33. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

34. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

35. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

36. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

37. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

38. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

39. Admitted that Landmark Engineering, Inc. ("Landmark") is a Delaware corporation and maintains a place of business at the address stated by the Plaintiffs. It is also admitted that Landmark performed surveying and site work at the subject Project.

40. Denied. It is denied that Landmark acted "in agency" with the other named Defendants. It is further denied that Landmark is a "Developer Defendant" as that term is used by the Plaintiffs.

41. All allegations are denied as to Landmark. Further, it is denied that Landmark was responsible for management of the Project and/or job safety. It is also denied that Landmark

assumed any responsibility, whether express or implied, for site safety. Landmark's contract specifically excluded and disclaimed all responsibility for job safety issues.

  42. Denied that the Project was possessed, occupied and/or controlled by Landmark.

  43. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

  44. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

  45. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

  46. Admitted only that Landmark was a party to a written contract with Pettinaro dated on or about April 2, 1998, for the work it performed at the Project.

  47. Denied as a conclusion of law to which no response is required.

  48. Denied as a conclusion of law to which no response is required. Further it is denied that Landmark was negligent in any way as to the Plaintiffs and denies that it is liable for any of the damages alleged by the Plaintiffs.

  49. Denied as to Landmark.

  50. Denied as to Landmark.

  51. Answering defendant objects to this paragraph to the extent it is inflammatory and entirely irrelevant to the facts of the instant matter. Denied to the extent the prior litigation referred to, and the resolution thereof, speaks for itself.

  52. Answering defendant objects to this paragraph to the extent it is inflammatory and entirely irrelevant to the facts of the instant matter. Denied to the extent the prior litigation referred to, and the resolution thereof, speaks for itself.

53. Denied as to Landmark.

54. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

55. Denied.

56. Denied.

57. Admitted only that the Rockwood Apartments are an apartment development. The remaining allegations are denied.

## **FACTS**

58. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

59. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

60. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

61. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

62. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

63. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

64. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

65. Denied as to Landmark.

66. Denied as to Landmark.

67. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

68. Denied as to Landmark.

69. Denied as to Landmark.

70. Denied as to Landmark.

71. Denied as to Landmark.

72. Denied as to Landmark.

73. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

74. Denied as to Landmark.

75. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

76. Denied that Landmark furnished any of the materials or equipment referenced by the Plaintiffs. As to the remaining allegations, Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

77. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

78. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

79. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

80. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

81. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

82. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

83. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

84. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

85. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

86. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

87. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

88. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

89. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

90. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

91. Denied. Defendant lacks sufficient information and knowledge to form a belief as to the truth of this allegation and as such it is denied.

## V. CIVIL CLAIMS

### COUNT I - NEGLIGENCE

### PLAINTIFFS v. DEFENDANTS

92. Landmark incorporates its responses to paragraphs 1 through 91 above.

93. Denied as to Landmark..

94. Denied as to Landmark.

### COUNT II - NEGLIGENCE

### PLAINTIFFS v. DEFENDANTS

95. Landmark incorporates its responses to paragraphs 1 through 94 above.

96. Denied as to Landmark.

97. Denied as to Landmark.

### COUNT II - NEGLIGENCE

### PLAINTIFFS v. DEFENDANTS

98. Landmark incorporates its responses to paragraphs 1 through 97 above.

99. Denied as to Landmark.

### COUNT IV - LOST CONSORTIUM

### PLAINTIFFS v. DEFENDANTS

100. Landmark incorporates its responses to paragraphs 1 through 97 above.

101. Denied as to Landmark.

**WHEREFORE,** Defendant Landmark Engineering, Inc. demands judgment in its favor and against the Plaintiffs as to all claims alleged in this action.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs have waived any claims they may have had against this Defendant in this matter.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have failed to state a claim against this Defendant for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff-Husband assumed the risk of the injuries and damages alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the relevant statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs have suffered no damage by any of the alleged improper acts or failures to act by this Defendant (which are continued to be denied).

### SIXTH AFFIRMATIVE DEFENSE

This Defendant alleges contributory negligence on the part of Plaintiff-Husband for failure to assure his own safety.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant alleges comparative negligence on the part of Plaintiff-Husband for any negligence claim not dismissed on the basis of contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims and damages were caused by third parties, other than this Defendant, over whom this Defendant had no authority and/or control.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs have released this Defendant from any possible liability in this matter.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs are estopped from pursuing the claims against this Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

This Defendant did not owe any duty of care to the Plaintiffs with regard to the claims and damages alleged in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

This Defendant had no responsibility regarding the means and methods of the construction practices utilized by the Plaintiff-Husband nor was this Defendant responsible for job safety issues as to the Plaintiff-Husband.

**CROSS-CLAIMS AGAINST CO-DEFENDANTS**

LANDMARK ENGINEERING, INC., by and through its counsel, does hereby aver as follows:

1. In or about May 1997 Landmark Engineering, Inc. (hereinafter "Landmark") entered into a contract (hereinafter the "Agreement") with Defendant Pettinaro (hereinafter "Pettinaro") to provide certain civil engineering services for the project at issue in this Case.

2. Per the Agreement, Landmark was not responsible for any construction means, methods, techniques, sequences, or procedures, or for safety precautions or programs in connection with any work contemplated by the Agreement.

**WHEREFORE**, Defendant Landmark Engineering, Inc., denies that it is liable to Plaintiffs. However, in the event that a judgment is returned in favor of any party to this Complaint and against this Defendant, then this Defendant cross-claims against its Co-Defendants for contribution and/or common law and/or contractual indemnification and demands that a judgment be entered against one or more of its Co-Defendants in this action or, if applicable, a pro rata determination of legal responsibility pursuant to the provisions of Delaware's Contribution Act, 10 Del. C. §6301, et. seq.

                                            DAVIS, BUCCO & ARDIZZI

                                            BY:  /s/ Robert D. Ardizzi, Esquire (ID #3602)
                                            Robert D. Ardizzi, Esquire
                                            2 N. Colonial Avenue
                                            Elsmere, DE 19805
                                            (302) 345-9808
                                            Attorney for Defendant Landmark Engineering, Inc.

DATE: June 6, 2006

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing Answer was served upon counsel listed below, via electronic filing:

    Gary W. Aber, Esquire
    Aber, Goldlust, Baker & Over
    702 King Street, Suit 600
    Wilmington, DE 19801


                        DAVIS, BUCCO & ARDIZZI


                        BY:  /s/ Robert D. Ardizzi, Esquire (ID #3602)
                        Robert D. Ardizzi, Esquire
                        2 N. Colonial Avenue
                        Elsmere, DE 19805
                        (302) 345-9808
                        Attorney for Defendant Landmark Engineering, Inc.


DATE: March 15, 2006