**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **STENIO** and **RAQUEL DESOUZA**, | : |
| | : |
| Plaintiffs, | : |
| v. | : |
| | : CIVIL ACTION NO. 05-7878 |
| **J.N. CARPENTRY, INC.**, et al., | : |
| | : |
| Defendants. | : |

**ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS
OF DEFENDANT, JN CARPENTRY TO PLAINTIFFS' COMPLAINT**

Defendant, **JN CARPENTRY, INC.**, by and through its undersigned attorneys, submits the following answer and affirmative defenses to the Amended Complaint of Plaintiff **STENIO and RAQUEL DESOUZA**, and states as follows:

### I. JURISDICTION AND VENUE

1. Upon information and belief, admitted.

2. Upon information and belief, admitted

### II. THE ACCIDENT SITE/PROPERTY LOCATION

3. Upon information and belief, admitted.

### III. PARTIES

4. Upon information and belief, admitted as to adult status, residence and citizenship. The remainder of this paragraph of Plaintiffs' Amended Complaint are denied as conclusions of law and/or fact and strict proof thereof is demanded at time of trial.

5 - 14. These paragraphs of Plaintiffs' Amended Complaint are directed to a party other than this Answering Defendant and therefore no response is required. However, upon information and belief, Jose Rodriguez is a resident of New Jersey at 108 Grant Street, Riverside, New Jersey 08075 and is the owner of JN Carpentry, Inc.

15-16.  Upon information and belief, admitted.

17. Admitted in part; denied in part. It is admitted that this Answering Defendant of which Defendant Rodruguez is owner, was involved in the construction project involved in this matter as a subcontractor. It is specifically denied that any action or inaction on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial.

18. This paragraph of Plaintiffs' Amended Complaint is directed to a party other than this Answering Defendant and therefore no response is required.

19. Admitted in part; denied in part. It is admitted that this Answering Defendant of which Defendant Rodruguez is owner, was involved in the construction project involved in this matter as a subcontractor. It is specifically denied that any action or inaction on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial.

20-21. These paragraphs of Plaintiffs' Amended Complaint are directed to a party other than this Answering Defendant and therefore no response is required.

22. No response required. To the extent that any allegation in this paragraph of Plaintiffs' Amended Complaint is found to be a factual or legal allegation, those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial.

23. Denied. The allegations of this paragraph of Plaintiffs' Amended Complaint is denied as conclusions of law and/or fact and strict proof thereof is demanded at time of trial.

24. The remainder of this paragraph of Plaintiffs' Amended Complaint are denied as conclusions of law and/or fact and strict proof thereof is demanded at time of trial.

25-46. These paragraphs of Plaintiffs' Amended Complaint are directed to a party other than this Answering Defendant and therefore no response is required.

47. Denied. The allegations of this paragraph of Plaintiffs' Amended Complaint is denied as conclusions of law and/or fact and strict proof thereof is demanded at time of trial.

48. Denied. The allegations of this paragraph of Plaintiffs' Amended Complaint is denied as conclusions of law and/or fact and strict proof thereof is demanded at time of trial. It is specifically denied that any action or inaction on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial. At all times relevant to this matter, this Answering Defendant acted reasonably, prudently and carefully.

49-52. Denied. The allegations of these paragraphs of Plaintiffs' Amended Complaint are denied as conclusions of law and/or fact and strict proof thereof is demanded at time of trial.

53-54. These paragraphs of Plaintiffs' Amended Complaint are directed to a party other than this Answering Defendant and therefore no response is required.

55-56. Admitted in part; denied in part. It is admitted that this Answering Defendant of which Defendant Rodruguez is owner, was involved in the construction project related to this matter as a subcontractor. It is specifically denied that any action or inaction on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial.

57. This paragraph of Plaintiffs' Amended Complaint is directed to a party other than this Answering Defendant and therefore no response is required.

## IV. FACTS

58-61. Denied. This Answering Defendant does not have sufficient information to admit or deny these allegations and therefore they are denied and strict proof thereof is demanded at time of trial.

62. Upon information and belief, admitted.

63. Denied. This Answering Defendant does not have sufficient information to admit or deny these allegations and therefore they are denied and strict proof thereof is demanded at time of trial.

64. Upon information and belief, admitted.

65-77. Denied. It is specifically denied that any action or inaction on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial.

78-87. Denied. This Answering Defendant does not have sufficient information to admit or deny these allegations and therefore they are denied and strict proof thereof is demanded at time of trial.

88-91. Denied. It is specifically denied that this Answering Defendant was negligent in any act or omission and/or that any act or omission on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial. On the contrary, at all time relevant to this matter, this Answering Defendant acted reasonably, prudently and carefully.

## V.    CIVIL CLAIMS

### COUNT I - NEGLIGENCE

### PLAINTIFFS v. DEFENDANTS

92.  No response required.

93-94. Denied. It is specifically denied that this Answering Defendant was negligent, reckless and/or had any unreasonable or reckless disregard for the safety of others based upon any act or omission and/or that any act or omission on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial. On the contrary, at all time relevant to this matter, this Answering Defendant acted reasonably, prudently and carefully. It is also specifically denied that this Answering Defendant knew or should have known of any dangerous condition, that any dangerous condition existed relevant to Plaintiffs' incident and/or that this Answering Defendant provided any chattel relevant to Plaintiffs incident.

WHEREFORE, this Answering Defendant, JN Carpentry, Inc., denies that it is liable to the Plaintiffs, either solely and/or jointly and severally, and demands judgment in its favor, together will all recoverable fees, costs and expenses.

## COUNT II - NEGLIGENCE
## PLAINTIFFS v. DEFENDANTS

95.  No response required.

96-97. Denied. It is specifically denied that this Answering Defendant was negligent and/or reckless based upon any act or omission and/or that any act or omission on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial. On the contrary, at all time relevant to this matter, this Answering Defendant acted reasonably, prudently and carefully. It is also specifically denied that this Answering Defendant knew or should have known of any dangerous condition, that any dangerous condition existed

relevant to Plaintiffs' incident and/or that this Answering Defendant provided any chattel relevant to Plaintiffs incident.

WHEREFORE, this Answering Defendant, JN Carpentry, Inc., denies that it is liable to the Plaintiffs, either solely and/or jointly and severally, and demands judgment in its favor, together will all recoverable fees, costs and expenses.

## COUNT III - NEGLIGENCE
## PLAINTIFFS v. DEFENDANTS

98. No response required.

99. Denied. It is specifically denied that this Answering Defendant was negligent, reckless and/or had any unreasonable or reckless disregard for the safety of others based upon any act or omission and/or that any act or omission on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial. On the contrary, at all time relevant to this matter, this Answering Defendant acted reasonably, prudently and carefully. It is also specifically denied that this Answering Defendant knew or should have known of any dangerous condition, that any dangerous condition existed relevant to Plaintiffs' incident and/or that this Answering Defendant provided any chattel relevant to Plaintiffs incident.

WHEREFORE, this Answering Defendant, JN Carpentry, Inc., denies that it is liable to the Plaintiffs, either solely and/or jointly and severally, and demands judgment in its favor, together will all recoverable fees, costs and expenses.

## COUNT IV - LOSS OF CONSORTIUM

## PLAINTIFFS v. DEFENDANTS

100. No response required.

101. Denied. It is specifically denied that this Answering Defendant was negligent, reckless and/or had any unreasonable or reckless disregard for the safety of others based upon any act or omission and/or that any act or omission on the part of this Answering Defendant was the direct and/or proximate cause of Plaintiffs' alleged injuries and those allegations are denied as conclusions of fact and/or law and strict proof thereof is demanded at time of trial. On the contrary, at all time relevant to this matter, this Answering Defendant acted reasonably, prudently and carefully. It is also specifically denied that this Answering Defendant knew or should have known of any dangerous condition, that any dangerous condition existed relevant to Plaintiffs' incident and/or that this Answering Defendant provided any chattel relevant to Plaintiffs incident.

WHEREFORE, this Answering Defendant, JN Carpentry, Inc., denies that it is liable to the Plaintiffs, either solely and/or jointly and severally, and demands judgment in its favor, together will all recoverable fees, costs and expenses.

## AFFIRMATIVE DEFENSES

This Answering Defendant asserts Affirmative Defenses directed to Plaintiffs and state:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk attendant in the use of the item alleged to have caused this incident.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and/or others misused the item alleged to have caused this incident.

### FOURTH AFFIRMATIVE DEFENSE

The risks attendant in the use of the item alleged to have caused this incident were obvious to the Plaintiff and to the community at large.

### FIFTH AFFIRMATIVE DEFENSE

The persons who directed and controlled the Plaintiff in the use of the item alleged to have caused this incident were informed intermediaries.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' own negligence bars or reduces recovery by the Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

The accident was caused by the negligence or culpable conduct of others over whom this defendant had no control.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is or may be barred by the applicable Statute of Limitations and/or contractual limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by, and/or to be reduced by, their failure to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

The amount of Plaintiffs' damages, as alleged, are unreasonable and unsupported by the facts.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred and/or limited by the provisions of the Delaware Workers' Compensation Act or similar laws or administrative rules from other relevant jurisdictions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the doctrine of collateral estoppel.

WHEREFORE, Defendant JN Carpentry, Inc. prays that the Plaintiffs' claims against it be dismissed with prejudice, and that all recoverable costs, fees and expenses be taxed against the Plaintiff.

## CROSSCLAIM DIRECTED TO DEFENDANTS

This Answering Defendant incorporates assert Crossclaims directed to the Pettinaro Defendants, Mid-Atlantic Realty, Queensbury Village, Inc., Architecture Plus, P.A., and Landmark Engineering, Inc. and states:

1. If the allegations in Plaintiffs' Complaint are established and proven at trial, said allegations being specifically denied by Answering Defendants, then any damages alleged to have been sustained by Plaintiff were caused in whole or in part by the fault, negligence, and/or carelessness, and/or breach of contract of the Pettinaro Defendants, Mid-Atlantic Realty, Queensbury Village, Inc., Architecture Plus, P.A., and Landmark Engineering, Inc. and without any fault or negligence of Answering Defendant and, therefore, Plaintiffs should recover such damages directly from said Defendants.

2. If it is determined that this Answering Defendant is liable to Plaintiffs for damages as alleged in Plaintiffs' Complaint, all such liability being specifically denied, then this liability was caused in whole or in part by the fault, negligence or carelessness, and/or breach of contract of the Pettinaro Defendants, Mid-Atlantic Realty, Queensbury Village, Inc., Architecture Plus, P.A., and Landmark Engineering, Inc.

3. As a result of the foregoing and/or contractual indemnification provisions, this Answering Defendant is entitled to recovery of and against the Pettinaro Defendants, Mid-Atlantic Realty, Queensbury Village, Inc., Architecture Plus, P.A., and Landmark Engineering, Inc., by way of

indemnification and/or contribution, and as damages for breach of contract, for all sums as may be adjudicated and/or awarded against this Answering Defendant, as well as counsel fees and expenses.

WHEREFORE, this Answering Defendant denies that it is liable to Plaintiffs or to any other party in this action in any sum or sums whatsoever, and this Answering Defendant asserts that the Pettinaro Defendants, Mid-Atlantic Realty, Queensbury Village, Inc., Architecture Plus, P.A., and Landmark Engineering, Inc., are liable to Answering Defendants for contribution or indemnity, and all recoverable costs, fees and expenses.

Respectfully submitted,

By:  **/s/ *George T. McCool, Jr.***
George T. McCool, Jr.
Admitted Pro Hac Vice
WRIGHT & O'DONNELL
15 East Ridge Pike, Suit 570
Conshohocken, PA 19428
Telephone: (610) 940-4092
E-mail: gmccool@wright-odonnell.com
Attorneys for Defendant JN Carpentry, Inc.

and

**/s/ *Armand J. Della Porta***
Armand J. Della Porta, Esquire
Delaware ID No. 2861
Eric S. Thompson, Esquire
Delaware ID No. 4633
Marshall, Dennehey, Warner, Coleman and Goggin
1220 North Market Street
Post Office Box 8888
Wilmington, DE 19899
Telephone: (302) 552-4323
E-mail: ajdellaporta@mdwcg.com
Attorneys for Defendant JN Carpentry, Inc.

Dated: August 28, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STENIO** and **RAQUEL DESOUZA**, : | |
| : | |
| Plaintiffs, : | |
| v. : | |
| : | CIVIL ACTION NO. 05-7878 |
| **J.N. CARPENTRY, INC.**, et al., : | |
| : | |
| Defendants. : | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served upon the below listed counsel of record this 28th day of August, 2006 via electronic filing and/or regular mail:

Arthur L Bugay, Esquire
Galfand Berger, LLP
1818 Market Street, 23rd Floor
Philadelphia, PA 19103

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Post Office Box 1675
Wilmington, DE 19899-1675
Local counsel for Plaintiff

Robert T. Ardizzi, Esquire
Davis, Bucco and Ardizzi
2 North Colonial Avenue
Elsmere, DE 18905
Counsel for Landmark Engineering, Inc.

Paul Cottrell, Esquire
702 King Street, Suite 500
Post Office Box 1031
Wilmington, DE 19899
Counsel for Landmark Engineering, Inc.

Norman H. Brooks, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, Suite 800
Wilmington, DE 19801
Counsel for Pettinaro Defendants.

|   |   |
|---|---|
| By: | **/s/ *George T. McCool, Jr.*** |
|   | George T. McCool, Jr. |
|   | Admitted Pro Hac Vice |
|   | WRIGHT & O'DONNELL |
|   | 15 East Ridge Pike, Suit 570 |
|   | Conshohocken, PA 19428 |
|   | Telephone: (610) 940-4092 |
|   | E-mail: gmccool@wright-odonnell.com |
|   | Attorneys for Defendant JN Carpentry, Inc. |

and

**/s/ *Armand J. Della Porta***
Armand J. Della Porta, Esquire
Delaware ID No. 2861
Eric S. Thompson, Esquire
Delaware ID No. 4633
Marshall, Dennehey, Warner, Coleman and Goggin
1220 North Market Street
Post Office Box 8888
Wilmington, DE 19899
Telephone: (302) 552-4323
E-mail: ajdellaporta@mdwcg.com
Attorneys for Defendant JN Carpentry, Inc.

Dated: August 28, 2006