**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

STENIO DESOUZA and RAQUEL DESOUZA    )
                                                   ) C.A. 05-787 -SLR

                     Plaintiffs,            )

                                                     )

      v.                                    )

                                                   )

PETTINARO CONSTRUCTION CO., INC. et al.,  )

                                                 )

                  Defendants.      )

**BRIEF IN SUPPORT OF**
**MOTION OF DEFENDANT LANDMARK ENGINEERING, INC.**
**TO COMPEL THE PLAINTIFFS TO**
**ANSWER INTERROGATORIES**

**I.     STATEMENT OF FACTS**

On November 17, 2006, Landmark Engineering, Inc. served a set of Interrogatories on

counsel for the Plaintiffs.  The Plaintiffs failed to answer the Interrogatories within thirty days of

the date of service.     Therefore, on January 3, 2007, counsel for Landmark sent a letter to

counsel for the Plaintiffs requesting the answers to the Interrogatories by January 19, 2007 "so

that [counsel for Landmark] may avoid filing a motion to compel their production".  The

Plaintiffs did not respond to the January 3, 2007 in any way nor did they produce answers to the

Interrogatories.

**II.     ARGUMENT**

Pursuant to F.R.C.P. 33(b)(3), the Plaintiffs were required to answer Landmark's

Interrogatories within thirty days of the date they were served with the Interrogatories.  Thus far,

more than two months have passed since the Interrogatories were served by Landmark and no

answers have been produced.

Landmark attempted to resolve the dispute without the need to file the instant motion but the Plaintiffs did not respond to the January 3, 2007 letter in which Landmark provided an extension of time for the answers. That letter also informed counsel for the Plaintiffs that Landmark intended to file a motion for summary judgment and needed the answers to the Interrogatories in that regard. Finally, the January 3, 2007 letter stated that the undersigned and Landmark were willing to meet with counsel for the Plaintiffs, formally or informally, to demonstrate that Landmark had no liability for the Plaintiffs' claims. Therefore, Landmark made every effort to resolve the issue prior to filing this motion.

Pursuant to F.R.C.P. 37, Landmark is entitled to seek an Order compelling the Plaintiffs' to answer the Interrogatories. As such, Landmark respectfully requests the Court to enter an Order in the form attached to the motion as Exhibit "C".

DAVIS, BUCCO & ARDIZZI

By: /s/ Robert D. Ardizzi
    Robert D. Ardizzi, Esquire
    Delaware I.D. No. 3602
    901 N. Market Street, Suite 700
    Wilmington, DE 19801
    (302) 345-9808
    Attorney for Defendant Landmark