IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **STENIO** and **RAQUEL DESOUZA**, | : |
| Plaintiffs, | : |
| v. | : |
| | : CIVIL ACTION NO. 05-787 |
| **J.N. CARPENTRY, INC.**, et al., | : |
| Defendants. | : |

**MEMORANDUM OF LAW OF DEFENDANT/THIRD
PARTY PLAINTIFF, J.N. CARPENTRY, INC., IN SUPPORT OF
ITS MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**

**I.   INTRODUCTION**

Defendant, J.N. Carpentry, Inc. (referred to hereinafter as "Moving Defendant") is a New Jersey Corporation with its principal place of business at 108 Grant Street, Riverside, New Jersey, 08074.  Upon information and belief, the proposed Third Party Defendant, Faiao Construction, Inc., is a business entity with a registered office at 3001 Rte. 130 South Apt. 55K, Delran, New Jersey, 08075.  Upon information and belief, the proposed Third Party Defendant, Layne Thomas Builders, Inc., is a Delaware corporation, with a principal place of business at 120 West Market Street, Suite B, Wilmington, Delaware, 19804.  Upon information and belief, the proposed Third Party Defendant, Segoes Carpentry, Inc., is a business entity with a principal place of business at 106 Grant Street, Riverside, New Jersey 08074.

In their Complaint, Plaintiffs Stenio and Raquel DeSouza, assert that various acts of negligence on the part of this Moving Defendant were the proximate cause of Plaintiffs' injuries. On or about August 28, 2006, Moving Defendant filed an Answer to the Plaintiffs' Complaint, denying all allegations of negligence.

Upon information and belief, this incident arose out of a construction site accident which allegedly took place on or about November 17, 2003, at near 100 Cindy Drive, Newark, Delaware 19702. On or about November 17, 2003, proposed Third Party Defendants Segoes Carpentry, Inc., Faiao Construction, Inc., and Layne Thomas Builders, Inc., were contractors and/or subcontractors involved in the construction project on which Plaintiff Stenio DeSouza alleged he suffered injuries which are the subject of this litigation.

## II. RULE 14(a) PERMITS THE FILING OF A JOINDER COMPLAINT IN THESE CIRCUMSTANCES

Under Fed. R.Civ.P.14(a), "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Through the course of discovery and investigation related to this matter, this Moving Defendant has become aware of three additional subcontractors and/or subcontractors who were involved in the construction work Plaintiff was performing at the time of the incident which is the basis for the present suit, namely proposed Third Partyl Defendants Segoes Carpentry, Inc., Faiao Construction, Inc., and Layne Thomas Builders, Inc.

Delaware Courts have held that Fed. R. Civ. P. (14)(a) properly provides a procedure for enforcing the right of indemnity and contribution. Watts v. Hatziz, 1990 U.S. Dist. 1782 at **4 (D. Del. February 22, 1990). The filing of this Third Party Complaint would not result in prejudice to those entities already parties to this action, as this matter is in the early stages of discovery. Additionally, the joining of the proposed Third Party Defendants would not unduly delay or complicate the present action. Furthermore, given the very nature of the reliance on

subcontractors in the construction business, any delay based on Moving Defendant's recent discovery of the identity of these subcontractors, is both reasonable and excusable.

If the allegations in the Plaintiffs' Complaint are established and proven at trial, said allegations being specifically denied by this Moving Defendant, then any damages alleged to have been sustained by the Plaintiffs were caused in whole or in part by the fault, negligence, and/or carelessness, and/or breach of contract of the proposed Third Party Defendants Segoes Carpentry, Inc., Faiao Construction, Inc., and Layne Thomas Builders, Inc., and without any fault or negligence of this Moving Defendant and, therefore, the Plaintiffs should recover those damages directly from the proposed Third Party Defendants.

As a result of the foregoing and/or contractual indemnification provisions, this Moving Defendant is further entitled to recovery from, and over against the proposed Third Party Defendants, Segoes Carpentry, Inc., Faiao Construction, Inc., and Layne Thomas Builders, Inc., by way of indemnification and/or contribution, and as damages for breach of contract, for all sums as may be adjudicated and/or awarded against this Moving Defendant, as well as counsel fees and expenses.

### III.    CONCLUSION

Defendant, J.N. Carpentry, Inc., requests the Court's permission to file and serve the draft Joinder Complaint naming Segoes Carpentry, Inc., Faiao Construction, Inc., and Layne Thomas Builders, Inc. as Additional Defendants. A true and correct copy of Moving Defendant's draft Joinder Complaint is attached as Exhibit "A."

**WHEREFORE**, Defendant J.N. Carpentry, Inc. respectfully requests that this Honorable Court grant its Motion for Leave to File a Third Party Complaint, and permit the filing and service of the attached Third Party Complaint against the proposed Third Party Defendants

Segoes Carpentry, Inc., Faiao Construction, Inc., and Layne Thomas Builders, Inc. who are solely liable to Plaintiffs; jointly and/or severally liable to Plaintiffs; or liable over to this Moving Defendant by way of contribution and/or indemnity.

        Respectfully submitted,

        WRIGHT & O'DONNELL, P.C.

        **/s/ *George T. McCool, Jr.***
        George T. McCool, Jr.
        Admitted Pro Hac Vice
        15 East Ridge Pike, Suit 570
        Conshohocken, PA 19428
        Telephone: (610) 940-4092
        E-mail: gmccool@wright-odonnell.com

        MARSHALL, DENNEHEY, WARNER,
           COLEMAN & GOGGIN
        **/s/ *Armand J. Della Porta***
        Armand J. Della Porta, Esquire
        Delaware ID No. 2861
        Eric S. Thompson, Esquire
        Delaware ID No. 4633
        1220 North Market Street
        Post Office Box 8888
        Wilmington, DE 19899
        Telephone: (302) 552-4323
        E-mail: ajdellaporta@mdwcg.com

        Attorneys for Defendant/Third Party
        Plaintiff, J.N. Carpentry, Inc.

Dated: March 30, 2007
\15_A\LIAB\AJDELLAPORTA\DISC\418990\LAREFNER\15000\15000

## **CERTIFICATE OF SERVICE**

I, George T. McCool, Jr., Esquire, hereby certify that a true and correct copy of the foregoing **MEMORANDUM OF LAW OF DEFENDANT/THIRD PARTY PLAINTIFF, J.N. CARPENTRY, INC., IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**, was served upon the below listed counsel of record via electronic filing and/or regular mail:

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
First Federal Plaza, Suite 600
P.O. Box 1675
Wilmington, DE 19899
*Counsel for Plaintiffs*

Arthur Bugay, Esquire
Galfand Berger, LLP
1818 Market Street, Suite 1818
Philadelphia, PA 19103
*Counsel for Plaintiffs*

Norman H. Brooks, Jr., Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, DE 19801
*Counsel for Defendants Pettinaro Construction Co., Inc.,
Pettinaro & Associates, Inc., Pettinaro Enterprises, Pettinaro Enterprises LLC
and Pettinaro Relocation LLC*

Paul Cottrell, Esquire
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
*Counsel for Landmark Engineering, Inc.*

Robert Daniel Ardizzi, Esquire
Davis, Bucco & Ardizzi
2 North Colonial Avenue
Elsmere, DE 19805
*Counsel for Landmark Engineering, Inc.*

Armand J. Della Porta, Jr.
Eric S. Thompson, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 North Market Street
P.O. Box 8888
Wilmington, DE 19899
*Counsel for JN Carpentry, Inc.*


Jeffrey K. Martin
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
*Counsel for U.S. Construction Inc. a/k/a*
*U.S. Construction a/k/a U.S. Construction LLC*

Brian J. Chapman, Esquire
Kent & McBride, P.C.
1105 Market Street, Suite 500
Wilmington, DE 19801
*Counsel for Mid-Atlantic Realty and Queensbury Village*


/s/ *George T. McCool, Jr.*

Case 1:05-cv-00787-SLR   Document 51   Filed 03/30/2007   Page 7 of 7