IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STENIO and RAQUEL DESOUZA, | ) |
| | ) C.A. No. 1:05-cv-00787-SLR |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| J. N. CARPENTRY, INC., et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| SEGOES CARPENTRY, INC., and LAYNE THOMAS BUILDERS, INC., | ) |
| | ) |
| Third Party Defendants. | ) |

### THIRD-PARTY DEFENDANT, LAYNE THOMAS BUILDERS, INC.'S ANSWER TO THE THIRD-PARTY COMPLAINT

Third-Party Defendant, Layne Thomas Builders, Inc., by and through its attorneys, files this Answer to the Third-Party Complaint:

1. Upon information and belief, Admitted.

2. Admitted

3. Upon information and belief, Admitted.

4. Upon information and belief, Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 8.

9. Denied.

10. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 10.

## COUNT I-CONTRIBUTION

**J. N. CARPENTRY, INC. v. SEGOES CARPENTRY, INC., AND LAYNE THOMAS BUILDERS, INC.**

11. Please see Defendants responses to paragraphs one through ten.

12. Denied

13. Denied

## COUNT II-INDEMNIFICATION

**J. N. CARPENTRY, INC. v. SEGOES CARPENTRY, INC., AND LAYNE THOMAS BUILDERS, INC**

14. Please see Defendants responses to paragraphs one through thirteen

15. Denied.

16. Denied

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's injuries, if any, are not related to this accident.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries are not severe as alleged.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff, was negligent in a manner proximately causing the accident in that he:

   a. failed to properly use the item alleged to have caused this accident;

   b. failed to keep a proper lookout;

   c. failed to secure and render safe his work area;

   e. Was otherwise negligent in a manner that may be discovered via the

discovery process.

To the extent that the negligence of Plaintiff is more than 50% his recovery is barred. To the extent the negligence of Plaintiff is less than 50% his award must be reduced proportionately.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not control the work site and was not in control of the actions taken by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the exclusivity provision of worker's compensation law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent by acting in a reckless manner.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk attendant in the use of the item alleged to have caused the accident.

### EIGHTH AFFIRMATIVE DEFENSE

The person or person(s) who directed and controlled the plaintiff in the use of the item alleged to have caused this accident were informed intermediaries

### NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional defenses as may be discovered via this litigation.

### CROSS CLAIM DIRECTED TO DEFENDANTS, THIRD-PARTY PLAINTIFFS AND THIRD-PARTY DEFENDANTS

Answering Third-Party Defendant, denies that it is liable, in any respect, to the plaintiff, to the extent that answering Defendant is liable, in any respect, to the plaintiff then it is only secondarily liable. Therefore, Answering Third- Party Defendant, seeks contribution and/or indemnification from Co-Defendants, Third-Party Plaintiff, and/or Third-Party Defendants.

WHEREFORE, answering Third-Party Defendant demands that this action be dismissed with costs assessed against the plaintiff.

/S/ Michael I. Silverman
MICHAEL I. SILVERMAN, ESQUIRE(#3034)
BRIAN E. LUTNESS, ESQUIRE (#3572)
SILVERMAN MCDONALD & FRIEDMAN
1010 North Bancroft Parkway-Suite 22
Wilmington, DE 19805
(302) 888-2900
Attorneys for Third Party Defendant Layne Thomas Builders