IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STENIO DESOUZA and RAQUEL DESOUZA, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civ. No. 05-787-SLR |
| PETTINARO CONSTRUCTION CO., INC., et. al., ) ) ) ) | |
| Defendants. ) ) | |
| J.N. CARPENTRY, INC., ) ) | |
| Third-Party Plaintiff, ) ) | |
| v. ) ) | |
| SEGOES CARPENTRY, INC., et. al., ) ) | |
| Third-Party Defendants. ) | |

Armand J. Della Porta , Jr., Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE. Counsel for Defendant and Third-Party Plaintiff J.N. Carpentry Inc. Of Counsel: George T. McCool, Esquire, of Wright & O'Donnell, P.C., Conshohocken, PA.

Donald M. Ransom, Esquire, of Casarino, Christman & Shalk, P.A., Wilmington, DE. Counsel for Third-Party Defendant Segoes Carpentry, Inc.

**MEMORANDUM OPINION**

Dated: May 5, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On November 14, 2005, plaintiffs Stenio and Raquel DeSouza ("plaintiffs") filed a complaint against defendants Pettinaro Construction Co., Inc. and, *inter alia*, J.N. Carpentry, Inc. ("JN", collectively "defendants") relating to injuries allegedly sustained by Stenio DeSouza while working as a carpenter under the supervision of, and/or at a construction site under the supervision of, and using equipment provided by, one or more of the defendants. (D.I. 1 ¶¶ 41-42, 48, 62, 65, 70-71) On November 17, 2005, plaintiffs filed an amended complaint. (D.I. 2) On March 30, 2007, JN filed a motion for leave to file a third-party complaint against, *inter alia*, Segoes Carpentry, Inc. ("Segoes"), claiming that if allegations in plaintiffs' complaint are established and proven at trial, then resulting damages sustained by plaintiffs were caused in whole or in part by the fault, negligence, or breach of contract of Segoes. (D.I. 50) The court granted JN's motion on June 12, 2007. (D.I. 58)

Presently before the court is Segoes' motion to dismiss in lieu of an answer pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), arguing that it is not subject to personal jurisdiction by reason that it no longer exists as a corporation. Pursuant to Rule 12(b)(5), Segoes further argues that there was insufficient service of process because JN never filed proof of receipt of service via mail or, in the alternative, that service exceeded 120 days from the filing of the complaint pursuant to Rule 4(m). (D.I. 95)

## II. BACKGROUND

On November 17, 2003, plaintiff Stenio DeSouza allegedly sustained injuries

while working at a construction site in Newark, Delaware, resulting from a work platform that was negligently constructed. (D.I. 2 ¶ 3, 77-78, 94)  At the time, JN claims that Segoes was one of the contractors and/or subcontractors engaged in the construction project at this site. (D.I. 50 ¶ 8)  Segoes, a corporation incorporated under the laws of New Jersey, ceased operations at least three years ago, is no longer filing annual reports with the State of New Jersey, and had its certificate of incorporation revoked by the Secretary of State of New Jersey on October 4, 2005.  (D.I. 95 ¶ 8)

Fernando M. Fernandes ("Fernandes") was identified in insurance records as being the principal and sole employee of Segoes.  (D.I. 99 ¶ 8)  This court granted leave to JN to file a third-party complaint against Segoes on June 12, 2007.  (D.I. 58)  JN subsequently filed the complaint against Segoes on December 18, 2007.  A summons with a copy of the complaint was issued December 19, 2007, and returned executed by the Delaware Secretary of State on December 27, 2007.  (D.I. 64; D.I. 65)  JN attempted to serve Segoes, via mail to Fernandes, at a Delran, New Jersey address and an additional New Jersey address, on April 4, 2008, resulting in one being unclaimed and the other being returned as "Addressee Unknown."  (D.I. 99, ex. B)  JN retained the services of an investigator to locate Fernandes.  (*Id.*)  On June 9, 2008, the investigator located one Angela Rego ("Rego") at the Delran, New Jersey address previously identified, who indicated that Fernandes was her husband's nephew, and that Fernandes had moved to Portugal several years earlier.  (*Id.*)  She also stated that Fernandes had requested that his mail be forwarded to her address.  (*Id.*)  Sometime after July 25, 2008, Rego provided a last known address for Fernandes in Portugal.  (*Id.*)

On November, 24, 2008, JN attempted service on Segoes at a Delaware address in care of Cezario Magalhaes. (Id.) JN's attempts to locate Fernandes or another person who could accept service also included a search of New Jersey driver's license records, and cell phone records. (*Id.*) Finally, JN was successful in serving notice to Segoes in care of Fernandes, in Portugal, by registered mail, on or about December 10, 2008, at the address provided by Rego. (D.I. 97) Segoes filed the present motion through counsel on December 17, 2008, prior to JN obtaining the return receipt for service, via return mail from Portugal, on or after December 18, 2008. (D.I. 95; D.I. 99, ex. A) JN filed notice of service with this court on December 29, 2008. (D.I. 97)

## III. STANDARDS OF REVIEW

In reviewing a motion filed under Rule 12(b)(2), the court must accept all of plaintiff's allegations as true and construe disputed facts in the plaintiff's favor. *Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). A plaintiff, however, still bears "the burden of demonstrating the facts that establish personal jurisdiction."[1] *Id.* (citing *Mellon Bank (East) PSFS Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

A defendant may file a motion to dismiss pursuant to Rule 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. Rule 4(m) states that, "[i]f service of the summons and complaint is not made upon a defendant

---

[1] "[C]ourts are to assist the plaintiff [in meeting its burden] by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).

within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action." Fed. R. Civ. P. 4(m). The Rule goes on the state that, "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at it discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); *MCI Telecomm. Corp. v. Teleconcepts. Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

## IV. DISCUSSION

### A. Personal Jurisdiction Over Segoes

Rule 17(b) states that, for a corporation, the capacity to sue or be sued is determined by the law under which it was organized. Fed. R. Civ. P. 17(b). "The law in New Jersey with regard to the ability of dissolved corporations to be sued is the New Jersey Business Corporation Act, N.J.S.A. § 14A:1-1 et seq.," which provides that a dissolved corporation continues its corporate existence, but only for the purpose of winding up its affairs, "and may sue and be sued in its corporate name and process may issue by and against the corporation in the same manner as if dissolution had not occurred." *Global Landfill Agreement Group v. 280 Development Corp.*, 992 F. Supp. 692, 695 (D.N.J. 1998) (*citing* N.J.S.A. § 14A:12-9). However, a corporation may not "be sued indefinitely after it has dissolved, wound up its affairs, and distributed all of its assets." *Id.* "A corporation may be dissolved . . . [a]utomatically by a proclamation of the Secretary of State . . . revoking a certificate of incorporation for nonpayment of

taxes or for failure to file annual reports." N.J.S.A. 14A:12-1(1)(g).

"No corporation shall be completely liquidated . . . unless provision is made for the dissolution of the corporation and the payment of all fees, taxes, and other expenses incidental thereto." N.J.S.A. 14A:12-19. "[D]irectors of corporations are charged with the duty of providing for the payment of corporate debts upon dissolution." *New Jersey Title Guarantee & Trust Co. v. Berliner*, 40 A.2d 790, 792-93 (N.J. Ch. 1945). Such debts include "contingent claims and liabilities even though they may be remote," and directors have an obligation to preserve corporate assets as required to satisfy such debts when they mature. *Id.* "Corporations whose charters are forfeited for nonpayment of taxes 'are not dead,' but 'merely sleep;' they are only 'in a state of coma' from which they may be revived." *U.S. v. Indian Hill Farm, Inc.*, 255 F.2d 282, 284 (2d Cir. 1958) (*citing Reade v. Broadway Theatre Co. of Long Branch*, 132 A. 477, 480 (N.J. Ch. 1926)). New Jersey has prescribed formalities required to dissolve a corporation, and to time-bar claims of creditors when such formalities are followed. *See, e.g.* N.J.S.A. 14A:12-12 et seq.

Given the requirement at this stage of the proceedings that (third-party) plaintiff JN's allegations be accepted as true, and all disputed facts resolved in JN's favor, the evidence of record does not establish that Segoes has been completely liquidated. There is no evidence that any formalities have been performed with respect to giving notice to creditors, nor payment of all required fees and taxes. To the contrary, it may be reasonably inferred from the fact that the New Jersey Secretary of State revoked Segoes' charter for failure to file annual reports, that Segoes has failed to pay all required taxes and fees. It also appears that Segoes' principal employee, Fernandes,

ceased attending to corporate formalities resulting in the charter revocation, then packed up and left the country. Further, Segoes has remaining assets: a claim for indemnification from its insurer for claims resulting from its operation. Therefore, the court finds that Segoes has not "dissolved, wound up its affairs, and distributed all of its assets." For the above reasons, the court will deny third-party defendant Segoes' motion to dismiss pursuant to Rule 12(b)(2).

### B. Insufficient Service of Process

Rule 4 allows service of process on a corporation in a judicial district of the United States by following state law with respect to service for actions in courts of general jurisdiction in the same state where the district court is located. Fed. R. Civ. P. 4(e)(1), (h)(1)(a). Under 10 Del. C. § 3104, as then in effect, a party may serve the Secretary of State of Delaware as the agent for a nonresident "provided that not later than 7 days following the filing of the return of services of process in the court . . . , the plaintiff . . . shall send by registered mail to the nonresident defendant . . . a notice consisting of a copy of the process and complaint." *Snow v. MAP Const.*, C.A. No. 04L-01-011 PLA, 2008 WL 116205, at *3 n.6 (Del. Super. Jan. 11, 2008) (*citing* 10 Del. C. § 3104(d)).[2]

> Delaware case law holds that where the requirements for service of process under the Delaware long arm statute are satisfied, then so, too, are the service requirements under the [Hague] Convention. Section 3104(b) of Delaware's long arm statute provides that a defendant is effectively served with process when service is made upon Delaware's Secretary of State. Section 3104(b) does not require that the process

---

[2]76 Laws 2008, ch. 329, § 1, rewrote section 3104, effective October 7, 2008, eliminating service upon the Secretary of State described in subsection (b) as one of the enumerated methods of service.

6

documents be physically served upon the nonresident defendant. All that the statute requires is that a copy be sent to the nonresident defendant by registered mail.

*Stonington Partners, Inc. v. Lernout & Hauspie Speech Products, N.V.,* No. Civ. A. 18524-NC, 2003 WL 21555325, at *3 (Del. Ch. July 08, 2003) (citations omitted).

Service outside all judicial districts may be effected under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). Fed. R. Civ. P. 4(f)(1), (h)(2). Article 10 of the Hague Convention states: "Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 10, Nov. 15, 1965, 20 U.S.T. 361. The Hague Convention allows service to be effected using the more liberal methods provided in the Federal Rules of Civil Procedure and state long-arm rules as long as the nation receiving service has not objected to the method used. *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 288 (3d Cir. 1981) (*citing Shoei Kako Co. v. Superior Court*, 109 Cal. Rptr. 402 (Cal. Ct. App. 1973)).

Here, JN initiated service under 10 Del. C. § 3104(b), as then in effect, on December 19, 2007, but failed to fully comply with § 3104, in that it did not send a notice, consisting of a copy of the process and complaint, within 7 days following the filing of the return of service of process in the court. On or about December 10, 2008, JN served notice on Segoes by registered mail in Portugal, and filed notice of service with the court on December 29, 2008. (D.I. 97; D.I. 99, ex. A) Portugal, at all relevant times, was a signatory to the Hague Convention, and has not objected to service by the

method described in Article 10a (postal channels). *See, e.g.* http://hcch.e-vision.nl/ index_en.php?act=conventions.statusprint&cid=17#legend (last visited Apr. 22, 2009); http://travel.state.gov/law/info/judicial/judicial_680.html#treatyobligation (last visted Apr. 22, 2009).

Segoes' assertion that service was improper under the Hague Convention, for want of a return receipt, is moot, as return service was filed with the court on December 29, 2008. (D.I. 95 ¶ 6; D.I. 97) Segoes further argues that, even if mail service was effective, the court should dismiss the complaint because of the significant lapse of time. (D.I. 95 ¶ 9) As Segoes correctly points out in its brief, courts in the Third Circuit are to first determine if good cause exists for such delay. (*Id.*) If "good cause is present, the district court must extend time for service and the inquiry is ended." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Only in the absence of good cause must the court proceed to evaluate the *Petrucelli* factors before exercising its discretion to either dismiss the case without prejudice or extend the time for service. *Id.*

The record shows that JN went to great lengths, searching phone and driver's license records, contacting Fernandes' family members and others, and retaining the services of a private investigator to track down Fernandes in an effort to serve Segoes. (D.I. 99, ex. B) All the while, Segoes had failed to file annual reports with the New Jersey Secretary of State and Fernandes left the country, arranging to have his mail forwarded care of Rego in Delran, New Jersey. Yet notices addressed to Fernandes at Rego's address were unclaimed or returned "Addressee Unknown." (D.I. 95 ¶ 8; D.I. 99, ex. B) For the above reasons, the court finds that JN diligently attempted to serve

notice on Segoes, going to great lengths to do so; good cause existed for the delay, thus ending the inquiry.

Even if good cause did not exist, evaluation of the *Petrucelli* factors[3] would not favor this court using its discretion to dismiss the complaint. JN has made more than reasonable efforts to serve Segoes, and there is no evidence of record that Segoes would be prejudiced by the delay. Any loss of records would reasonably be inferred to be caused, at least in part, by Segoes' failure to follow corporate formalities. Further, JN has agreed not to seek default judgment, and Segoes' counsel has been monitoring the case and been provided copies of discovery documents. (D.I. 99 ¶ 9, ex. B) Absent good cause, the court would exercise its discretion to extend the time for service and not dismiss the case with prejudice. Therefore, Segoes' motion to dismiss pursuant to Rules 12(b)(5) and 4(m) is hereby denied.

## V. CONCLUSION

For the reasons stated, the court will deny third-party defendant Segoes Construction, Inc.'s motion to dismiss. An appropriate order will issue.

---

[3] The reasonableness of plaintiff's efforts to serve, prejudice to the defendant, and whether plaintiff moved for enlargement of time.